ANDERSON & KARRENBERG, P.C.
Heather M. Sneddon (UT #9520)
Jared D. Scott (UT #15066)
50 West Broadway, Suite 700
Salt Lake City, UT 84101
Telephone:  (801) 639-0956
Facsimile:   (801) 364-7697
hsneddon@aklawfirm.com
jscott@aklawfirm.com

SCOTT+SCOTT ATTORNEYS AT LAW LLP
Thomas L. Laughlin, IV (*pro hac vice*)
Rhiana L. Swartz
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone:  (212) 223-6444
Facsimile:   (212) 223-6334
tlaughlin@scott-scott.com
rswartz@scott-scott.com

*Attorneys for Lead Plaintiff Movant*
*Overstock Investor Group*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| BLAKE MORRIS and DENNIS ROSSETTI, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>OVERSTOCK.COM, INC., PATRICK BYRNE, and JONATHAN E. JOHNSON,<br><br>Defendants. | **OVERSTOCK INVESTOR GROUP'S MOTION FOR CONSOLIDATION OF THE ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD AND LIAISON COUNSEL AND MEMORANDUM OF LAW IN SUPPORT**<br><br>Case No. 2:18-cv-00271-DAK-EJK<br><br>Judge:  Hon. Dale A. Kimball<br><br>Magistrate Judge:  Hon. Evelyn J. Furse |
| SHAHAM MAHABADI, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>OVERSTOCK.COM, INC., PATRICK BYRNE, and JONATHAN E. JOHNSON,<br><br>Defendants. | Case No. 2:18-cv-00290-DBP<br><br>Magistrate Judge:  Hon. Dustin B. Pead |

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ...................................................................................................1

FACTUAL BACKGROUND..........................................................................................................2

ARGUMENT ...................................................................................................................................3

    I.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED ................................3

    II.    OVERSTOCK INVESTOR GROUP SHOULD BE APPOINTED LEAD PLAINTIFF .........................................................................................................4

        A.    The PSLRA's Provisions Concerning the Appointment of Lead Plaintiff ........................................................................................................4

        B.    Movant Satisfies the Lead Plaintiff Provisions of the PSLRA ..........................5

            1.    Movant Filed a Timely Motion................................................................5

            2.    Movant Has the Largest Financial Interest in the Relief Sought By the Class ....................................................................................6

            3.    Movant Otherwise Satisfies Rule 23..........................................................7

    III.    MOVANT'S SELECTION OF LEAD AND LIAISON COUNSEL SHOULD BE APPROVED ................................................................................................9

CONCLUSION............................................................................................................................11

# TABLE OF AUTHORITIES

**PAGE(S)**

**CASES**

*Cornwell v. Credit Suisse Grp.*,
  No. 1:08-cv-03758 (S.D.N.Y.) .................................................................................... 10

*Dolan v. Axis Capital Holdings Ltd.*,
  No. 04 Civ. 8564(RJH), 2005 WL 883008 (S.D.N.Y. Apr. 13, 2005) ..................................... 4

*Kapur v. Usana Health Scis., Inc.*,
  No. 2:07CV177DAK, 2007 WL 3046664 (D. Utah Oct. 17, 2007) ............................... *passim*

*Martin v. Atchison Casting Corp.*,
  200 F.R.D. 453 (D. Kan. 2001) ..................................................................................... 9

*Meyer v. Paradigm Med. Indus.*,
  225 F.R.D. 678 (D. Utah 2004) ..................................................................................... 9

*In re Nature's Sunshine Prods., Inc.*,
  No. 2:06-CV-267 TS, 2006 WL 2380965 (D. Utah Aug. 16, 2006) .......................................... 9

*In re NPS Pharms., Inc. Sec. Litig.*,
  No. 2:06-cv-00570-PGC-PMW, 2006 WL 6627948 (D. Utah Nov. 17, 2006) ......................... 7

*In re Ribozyme Pharms., Inc. Sec. Litig.*,
  192 F.R.D. 656 (D. Colo. 2000) ..................................................................................... 9

*Skaggs v. Level 3 Commc'ns, Inc.*,
  No. 09-cv-00200-PAB-CBS, 2009 WL 458682 (D. Colo. Feb. 24, 2009) ............................. 4

*In re Sprint Corp. Sec. Litig.*,
  164 F. Supp. 2d 1240 (D. Kan. 2001) ............................................................................. 6

**STATUTES, RULES & REGULATIONS**

15 U.S.C.
  §78u-4(a)(1) ............................................................................................................. 4
  §78u-4(a)(3)(A)(i) ..................................................................................................... 5
  §78u-4(a)(3)(A)(i)(II) ................................................................................................ 6
  §78u-4(a)(3)(A)(i)(II)-(B)(iii)(I) .................................................................................. 5
  §78u-4(a)(3)(B) ..................................................................................................... 4, 5
  §78u-4(a)(3)(B)(ii) .................................................................................................... 4
  §78u-4(a)(3)(B)(iii) ................................................................................................... 7
  §78u-4(a)(3)(B)(iii)(I) ............................................................................................. 6, 8

§78u-4(a)(3)(B)(iii)(I)(aa)-(cc) ...................................................................................5
§78u-4(a)(3)(B)(iii)(I)(cc)..........................................................................................7
§78u-4(a)(3)(B)(iii)(II)(aa) .......................................................................................9
§78u-4(a)(3)(B)(v) ....................................................................................................9

FEDERAL RULES OF CIVIL PROCEDURE
Rule 23(a)(1)-(4)......................................................................................................7
Rule 42(a).................................................................................................................4

**OTHER AUTHORITIES**

NEWBERG ON CLASS ACTIONS §3:13 (4th ed. 2008).......................................................8

Putative class members and Lead Plaintiff movants Ravinder ("Robby") Parmar, Ralph Smolak, and Gurbax and Sukhjit Khaira (collectively, the "Overstock Investor Group" or "Movant"), by and through their undersigned counsel, respectfully move the Court, pursuant to §21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for an order: (i) consolidating the above-captioned Related Actions (defined below); (ii) appointing Overstock Investor Group as Lead Plaintiff on behalf of all purchasers of Overstock.com, Inc. ("Overstock" or the "Company") securities between August 3, 2017 and March 26, 2018, inclusive (the "Class Period"); (iii) approving their selection of Scott+Scott Attorneys at Law LLP ("Scott+Scott") as Lead Counsel and Anderson & Karrenberg, P.C. ("Anderson & Karrenberg") as Liaison Counsel for the Class;[1] and (iv) granting such other and further relief as the Court may deem just and proper. The motion is supported by this memorandum of law and the Declaration of Thomas L. Laughlin, IV ("Laughlin Decl."), with exhibits, submitted herewith.

## PRELIMINARY STATEMENT

Presently pending before the Court are two related securities class actions brought on behalf of all persons who purchased or otherwise acquired Overstock securities during the Class Period (the "Related Actions").[2] Plaintiffs in the Related Actions allege violations of §§10(b)

---

[1] The "Class" is comprised of all persons or entities, other than Defendants, who purchased or otherwise acquired Overstock securities during the Class Period.

[2] The "Related Actions" are: *Morris v. Overstock.com, Inc.*, No. 2:18-cv-00271-DAK-EJK (the "*Morris* Action"); and *Mahabadi v. Overstock.com, Inc.*, No. 2:18-cv-00290-DBP (the "*Mahabadi* Action"). A Stipulated Motion to Consolidate Cases and Memorandum in Support was filed by Defendants in the *Morris* Action on May 14, 2018 (ECF No. 34).

and 20(a) of the Exchange Act, 15 U.S.C. §§78j(b) and 78t(a), respectively, and Securities and Exchange Commission ("SEC") Rule 10b-5, 17 C.F.R. §240.10b-5.

The PSLRA provides for the Court to appoint as lead plaintiff the movant or movants that has the largest financial interest in the litigation and otherwise satisfies the class representative requirements set forth in Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). *See, e.g.*, *Kapur v. Usana Health Scis., Inc.*, No. 2:07CV177DAK, 2007 WL 3046664, at *1 (D. Utah Oct. 17, 2007). To the best of its knowledge, Movant submits that it has the largest financial interest in this litigation.[3] Moreover, Overstock Investor Group satisfies the requirements of Rule 23 in that its claims are typical of the claims of the Class, and it will fairly and adequately represent the interests of the Class.

For the reasons summarized herein and discussed more fully below, Overstock Investor Group's motion should be approved in its entirety.

## FACTUAL BACKGROUND

Overstock is an online retailer that also purports to be an "advancer of blockchain technology." ¶2.[4] During the Class Period, Defendants represented that Overstock was well-positioned to capitalize on the "revolutionary" blockchain technology and deliver "great value to Overstock's shareholders" through, among other things, the Company's Medici Ventures ("Medici") business and its tZERO trading platform. ¶3. Defendants further represented, in

---

[3]  Movant's certifications identifying its Overstock transactions during the Class Period, as required by the PSLRA, as well as a chart identifying its losses, are attached to the Laughlin Decl. as Exs. B-C, respectively.

[4]  Unless otherwise noted, all "¶__" and "¶¶__" citations refer to the Class Action Complaint for Violations of Federal Securities Laws filed in the *Morris* Action on March 29, 2018 (ECF No. 2) (the "Complaint").

October 2017, that they planned to raise up to $500 million in a "coin offering," consisting of sales of new digital coins for projects based on the blockchain technology of the digital currencies Bitcoin and Ethereum. *Id.* These representations drove the price of Overstock from $16.45 per share, on August 3, 2017, to a high of $86.90 per share, on January 8, 2018, an increase of more than 500% in five months. ¶4. But the truth was that: (1) Overstock's coin offering was highly problematic and potentially illegal; and (2) the Company's Medici business was hemorrhaging money. *Id.* On March 1, 2018, when Overstock announced that the SEC had requested information about its initial coin offering, the Company's stock fell 4.4% to $57.75 from the February 28, 2018 share price of $60.40. ¶5. Then, on March 15, 2018, the Company stated that "the [SEC] investigation could result in a delay of the tZero security token offering, negative publicity for tZero or us, and may have a material adverse effect on us or on the current and future business ventures of tZero." ¶6. Overstock also disclosed that the SEC was conducting an examination of advisers at tZERO, the Company's blockchain subsidiary. *Id.* Further, it was revealed that Overstock's Medici unit had lost $22 million for 2017, despite the fact that Bitcoin prices increased by 1,375% during the same period of time. *Id.* On this news, the Company's stock fell 5.1% from $48.20 to $45.70. *Id.* Just 10 days later, on March 26, 2018, Overstock announced that it planned to offer 4,000,000 common stock shares in an underwritten public offering. ¶7. On this news, the Company's stock fell nearly 15%. *Id.*

## ARGUMENT

### I.   THE RELATED ACTIONS SHOULD BE CONSOLIDATED

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this [sub-]chapter has been filed, . . . the court shall not make the determination [of the most adequate plaintiff] until after the decision on

3

the motion to consolidate is rendered." 15 U.S.C. §78u-4(a)(3)(B)(ii).  Thereafter, "the court shall appoint the most adequate plaintiff as lead plaintiff for the consolidated actions." *Id.*

Under Rule 42(a), consolidation is appropriate when the actions involve a "common question of law or fact[.]"  Fed. R. Civ. P. 42(a).  "Consolidation is particularly appropriate in the context of securities class actions if the complaints are based on the same public statements and reports and defendants will not be prejudiced."  *Dolan v. Axis Capital Holdings Ltd.*, No. 04 Civ. 8564(RJH), 2005 WL 883008, at *1 (S.D.N.Y. Apr. 13, 2005);[5] *see also Skaggs v. Level 3 Commc'ns, Inc.,* No. 09-cv-00200-PAB-CBS, 2009 WL 458682, at *1 (D. Colo. Feb. 24, 2009).

The Related Actions pending before this Court present similar factual and legal issues, as they both involve the same subject matter and are based on the same wrongful course of conduct. Each names Overstock and the same two of its officers as defendants.  Because the Related Actions arise from the same facts and circumstances, and involve the same subject matter, the same discovery and similar class certification issues will be relevant to all Related Actions. Accordingly, consolidation under Rule 42(a) is appropriate.

## II. OVERSTOCK INVESTOR GROUP SHOULD BE APPOINTED LEAD PLAINTIFF

### A. The PSLRA's Provisions Concerning the Appointment of Lead Plaintiff

Once the Court decides the consolidation motion, the PSLRA mandates that the Court decide the lead plaintiff issue "[a]s soon as practicable."  15 U.S.C. §78u-4(a)(3)(B)(ii).  The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. §§78u-4(a)(1), (3)(B).

---

[5] Unless otherwise indicated, all citations and internal quotation marks are omitted.

First, the plaintiff who files the first-filed action must publish a notice to the class, within 20 days of filing the action, that informs class members of their right to file a motion for appointment as lead plaintiff (the "Early Notice"). *See* 15 U.S.C. §78u-4(a)(3)(A)(i).

Second, within 60 days after publication of the Early Notice, any "person or group of persons" who are members of the proposed class may apply to the court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. §78u-4(a)(3)(A)(i)(II)-(B)(iii)(I).

Finally, within 90 days after publication of the Early Notice, the court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the court determines to be most capable of adequately representing the interests of class members. *See* 15 U.S.C. §78u-4(a)(3)(B). Under this Exchange Act provision, the most adequate plaintiff is determined by a two-step process. First, the Exchange Act provides that the court is to presume the "most adequate plaintiff" to be the class member(s) who: (a) "has either filed a complaint or [moved for lead plaintiff] in response to a notice"; (b) has "the largest financial interest in the relief sought"; and (c) otherwise satisfies the typicality and adequacy requirements of Rule 23. 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(aa)-(cc). Second, so long as that presumption is not rebutted, the "most adequate plaintiff" is to be appointed the lead plaintiff. *See, e.g.*, *Kapur v*, 2007 WL 3046664, at *1. As demonstrated below, Overstock Investor Group meets these requirements and should be appointed to serve as Lead Plaintiff.

### B. Movant Satisfies the Lead Plaintiff Provisions of the PSLRA

#### 1. Movant Filed a Timely Motion

On March 29, 2018, within twenty (20) days of the filing of the first-filed complaint as required by 15 U.S.C. §78u-4(a)(3)(A)(i), plaintiffs in the *Morris* Action published their Early

5

Notice via *Business Wire*, a widely circulated national business-oriented wire service. *See* Laughlin Decl., Ex. A; *see In re Sprint Corp. Sec. Litig.*, 164 F. Supp. 2d 1240, 1242 (D. Kan. 2001) (considering *Business Wire* to be sufficient to satisfy the PSLRA's notice requirement). Consequently, any member of the proposed Class was required to seek appointment as lead plaintiff within 60 days after publication of that notice. *See* 15 U.S.C. §78u-4(a)(3)(A)(i)(II). Therefore, the time period in which class members may move to be appointed lead plaintiff herein under 15 U.S.C. §78u-4(a)(3)(A)-(B) expires on May 29, 2018. Pursuant to the PSLRA, and within the requisite time frame after publication of the Early Notice, Overstock Investor Group herein timely moves this Court to be appointed as Lead Plaintiff on behalf of all members of the Class.

### 2. Movant Has the Largest Financial Interest in the Relief Sought By the Class

"Pursuant to the PSLRA, once a court finds that a movant has the largest financial interest in the litigation, the court affords that movant a rebuttable presumption as most adequate plaintiff." *Kapur*, 2007 WL 3046664, at *2; *see also* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). As evidenced by the accompanying PSLRA certifications and exhibits detailing transactions and losses, Overstock Investor Group purchased, or otherwise acquired, Overstock securities during the Class Period and suffered over $172,000 in losses as a result of Defendants' misconduct. *See* Laughlin Decl., Exs. B-C. Overstock Investor Group also purchased over 60,000 shares of Overstock during the Class Period, spent over $3 million to purchase that stock, and ended the Class Period with over 11,000 retained shares. Laughlin Decl., Ex. C at 7. Overstock Investor Group thus has a significant financial interest in this case and is unaware of any other applicant or applicant group that has sustained greater financial losses in connection with their Overstock

transactions during the Class Period. Therefore, Overstock Investor Group has the "largest financial interest in the relief sought by the class[,]" satisfies all of the PSLRA's prerequisites for appointment as lead plaintiff, and should be appointed Lead Plaintiff. 15 U.S.C. §78u-4(a)(3)(B)(iii).

### 3. Movant Otherwise Satisfies Rule 23

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(iii), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Rule 23 provides that a party may serve as a class representative only if the following four requirements are satisfied: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(1)-(4). Of these four prerequisites, only two – typicality and adequacy – "are relevant to the consideration of motions for appointment as lead plaintiff." *In re NPS Pharms., Inc. Sec. Litig.*, No. 2:06-cv-00570-PGC-PMW, 2006 WL 6627948, at *2 (D. Utah Nov. 17, 2006). Consequently, in deciding a motion to appoint lead plaintiff, the court need only make findings as to the typicality and adequacy of the proposed lead plaintiff at this stage.

Typicality exists where a movant's claims arise from the same series of events and are based on the same legal theories as the claims of all the class members. *See Kapur*, 2007 WL 3046664, at *3 ("Generally, typicality requires that a plaintiff's claims be aligned with those of the putative class, as indicated by similar legal theories."). Here, the claims asserted by Overstock Investor Group are typical of the claims of the other members of the putative Class

7

because, like all other Class members, Movant: (a) purchased or otherwise acquired Overstock securities during the Class Period; (b) was adversely affected by Defendants' alleged manipulative scheme and allegedly false and misleading statements; and (c) suffered damages as a result thereof.  Since Movant's claims are based on the same legal theories and arise from the same event, practice, or course of conduct that gives rise to the claims of other Class members, typicality is satisfied.  *See* NEWBERG ON CLASS ACTIONS §3:13 (4th ed. 2008).

"[I]n the Tenth Circuit, the criteria for assessing adequacy of representation include whether the plaintiff has common interests with the class members and whether the representative will vigorously prosecute the interests with the class through qualified counsel. The PSLRA directs courts to limit their inquiry regarding adequacy to the existence of any conflicts between the interests of the proposed lead plaintiffs and the members of the class." *Kapur*, 2007 WL 3046664, at *3.  Overstock Investor Group is "adequate" to serve as the Class Representative in the instant litigation because its interests are clearly aligned with the interests of the putative Class.  Overstock Investor Group, like all other members of the Class, suffered losses as a result of purchasing Overstock securities at prices that were artificially inflated due to Defendants' alleged misconduct.  Overstock Investor Group will, therefore, benefit from the same relief as other Class members.  Under these circumstances, there exists absolutely no evidence of antagonism between Overstock Investor Group and the putative Class.

Movant is also a proper lead plaintiff group and the losses of its members can be aggregated for the purpose of its lead plaintiff application.  The express language of the PSLRA permits the appointment of a "person or group of persons" to be lead plaintiff.  15 U.S.C. §78u-4(a)(3)(B)(iii)(I).  Furthermore, "the majority of courts confronted with this issue have permitted plaintiffs to aggregate their losses for purposes of the lead plaintiff determination[,]" including in

this Circuit and District. *Meyer v. Paradigm Med. Indus.*, 225 F.R.D. 678, 681 (D. Utah 2004) (quoting *In re Advanced Tissue Scis. Sec. Litig.*, 184 F.R.D. 346, 350 (S.D. Cal. 1998)); *In re Nature's Sunshine Prods., Inc.*, No. 2:06-CV-267 TS, 2006 WL 2380965, at *1 (D. Utah Aug. 16, 2006); *see also Martin v. Atchison Casting Corp.*, 200 F.R.D. 453, 456 (D. Kan. 2001) (stating that "[a] majority of courts . . . have allowed the appointment of a group of plaintiffs as lead plaintiffs"); *In re Ribozyme Pharms., Inc. Sec. Litig.*, 192 F.R.D. 656, 659 (D. Colo. 2000) ("a group of persons may combine their losses to create the largest financial interest for purposes of the PSLRA").

Overstock Investor Group has also demonstrated that it is an adequate representative in this matter by retaining competent and experienced counsel. As shown below, both Scott+Scott and Anderson & Karrenberg are highly qualified, experienced, and able to conduct this complex litigation in a professional manner. Accordingly, Overstock Investor Group has made a *prima facie* showing that it satisfies all of the requirements of Rule 23 for the purposes of this motion.

### III.  MOVANT'S SELECTION OF LEAD AND LIAISON COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). In making this determination, the court should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class[.]" *Id*. at (B)(iii)(II)(aa).

Overstock Investor Group has selected the law firm of Scott+Scott to represent the Class. Scott+Scott has substantial experience in the prosecution of securities fraud class actions and possess the necessary resources to efficiently conduct this litigation. *See* Laughlin Decl., Ex. D. Specifically, Scott+Scott has served as lead or co-lead counsel in many high-profile class actions

and recovered hundreds of millions of dollars for victims of corporate fraud.[6] Scott+Scott's efforts have not gone unnoticed by the courts. For instance, in *Cornwell v. Credit Suisse Grp.*, a case in which Scott+Scott served as co-lead counsel and recovered $70 million for the class, the court stated:

> Lead Plaintiffs' counsel demonstrated that notwithstanding the barriers erected by the PSLRA, they would develop evidence to support a convincing case. Based upon Lead Plaintiffs' counsel's diligent efforts on behalf of the Settlement Class, as well as their skill and reputations, Lead Plaintiffs' counsel were able to negotiate a very favorable result for the Settlement Class. Lead Plaintiffs' counsel are among the most experienced and skilled practitioners in the securities litigation field, and have unparalleled experience and capabilities as preeminent class action specialists.

No. 1:08-cv-03758, Order Awarding Attorneys' Fees and Expenses at 3 ¶9(c) (S.D.N.Y. July 20, 2011) (ECF No. 117). Scott+Scott is also currently serving as lead or co-lead counsel in several securities fraud class actions. *See, e.g.*, *Robinson v. Diana Containerships, Inc.*, No. 17-cv-06160 (E.D.N.Y.); *Emerson v. Genocea Bioscis., Inc.*, No. 17-cv-12137 (D. Mass.); *Ret. Bd. of the Policemen's Annuity & Benefit Fund of Chi. v. FXCM Inc.*, No. 15-cv-03599 (S.D.N.Y.); *In re Conn's Inc. Sec. Litig.*, No. 14-cv-00548 (S.D. Tex.).

---

[6] Settlement recoveries obtained by Scott+Scott, acting as lead or co-lead counsel, include: *In re Priceline.com Inc. Sec. Litig.*, No. 00-cv-01844 (D. Conn.) ($80 million); *Alaska Elec. Pension Fund v. Pharmacia Corp.*, No. 03-cv-01519 (D.N.J.) ($164 million); *Irvine v. ImClone Sys., Inc.*, No. 02-cv-00109 (S.D.N.Y.) ($75 million); *Schnall v. Annuity & Life Re (Holdings) Ltd.*, No. 02-cv-02133 (D. Conn.) ($26.5 million); *St. Lucie Cty. Fire Dist. Firefighter's Pension Tr. Fund v. Oilsands Quest Inc.*, No. 11-cv-01288 (S.D.N.Y.) ($10.23 million); *In re NQ Mobile Sec. Litig.*, No. 13-cv-07608 (S.D.N.Y.) ($5.1 million); *Weston v. RCS Capital Corp.*, No. 14-cv-10136 (S.D.N.Y.) ($31 million); *In re FireEye Inc. Sec. Litig.*, No. 1-14-CV-266866 (Cal. Super. Ct.) ($10.25 million); *Birmingham Ret. & Relief Sys. v. S.A.C. Capital Advisors*, No. 13-cv-02459 (S.D.N.Y.) ($10 million); *Thurber v. Mattel, Inc.*, No. 99-cv-10368 (C.D. Cal.) ($122 million); *In re Emulex Corp. Sec. Litig.*, No. 01-cv-00219 (C.D. Cal.) ($39 million); *In re Sprint Sec. Litig.*, No. 00-230077 (Mo. Cir. Ct., Jackson Cty.) ($50 million); *In re Nw. Corp. Sec. Litig.*, No. 03-cv-04049 (D.S.D.) ($61 million); and *In re Wash. Mut. Mortg. Backed Sec. Litig.*, No. 09-cv-00037 (W.D. Wash.) ($26 million).

Anderson & Karrenberg is similarly well-qualified to serve as Liaison Counsel, having successfully litigated numerous cases related to securities law in Utah state and federal courts. *See* Laughlin Decl., Ex. E.

In light of the foregoing, the Court should approve Overstock Investor Group's selection of Scott+Scott as Lead Counsel and Anderson & Karrenberg as Liaison Counsel.  The Court can be assured that by approving Movant's choice of counsel, the putative Class will receive the highest caliber of representation.

## CONCLUSION

For all the foregoing reasons, Overstock Investor Group respectfully request that the Court: (1) consolidate the Related Actions; (2) appoint Overstock Investor Group as Lead Plaintiff on behalf of the Class; (3) approve Overstock Investor Group's selection of Scott+Scott as Lead Counsel and Anderson & Karrenberg as Liaison Counsel; and (4) grant such other and further relief as the Court may deem just and proper.

DATED:  May 29, 2018                             **ANDERSON & KARRENBERG, P.C.**

 */s/ Heather M. Sneddon*
Heather M. Sneddon (UT #9520)
Jared D. Scott (UT #15066)
50 West Broadway, Suite 700
Salt Lake City, UT 84101-2035
Telephone:  (801) 534-1700
Facsimile:   (801) 364-7697
hsneddon@aklawfirm.com
jscott@aklawfirm.com

*Proposed Liaison Counsel for
Lead Plaintiff Movant Overstock Investor Group*

Thomas L. Laughlin, IV (*pro hac vice*)
Rhiana L. Swartz
**SCOTT+SCOTT, ATTORNEYS AT LAW, LLP**
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone:  (212) 223-6444
Facsimile:   (212) 223-6334
tlaughlin@scott-scott.com
rswartz@scott-scott.com

*Proposed Lead Counsel for*
*Lead Plaintiff Movant Overstock Investor Group*

## CERTIFICATE OF SERVICE

I hereby certify that on May 29, 2018, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

                                                 */s/ Heather M. Sneddon*
                                                 Heather M. Sneddon (UT #9520)